# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE PLANTILLAS, as an individual and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>  v.<br><br>SNAP-ON INCORPORATED, a Delaware Corporation; SNAP-ON LOGISTICS COMPANY, form of entity unknown; SNAP-ON SPECIALTY TOOLS, form of entity unknown; and DOES 1 through 10,<br><br>              Defendants. | CASE No. CV13-05153 DDP (VBKx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned to the Hon. Dean D. Pregerson |

On May 12, 2014, the Court heard a motion by Jacqueline Plantillas ("Plaintiff"). The Court has considered Plaintiff's motion, the Joint Stipulation of Class Settlement and Release ("Settlement" or "Settlement Agreement"), the proposed Class Notice, proposed Request for Exclusion Form, and the submissions of counsel, and hereby finds and orders as follows:

1. The Court finds on a preliminary basis that the class action settlement memorialized in the Settlement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

2. The Court conditionally certifies, for settlement purposes only, the following class ("Class"):

> All non-exempt employees of Snap-on, who worked in Defendants' City of Industry ("CDI") and San Jose, California facilities during the period from July 17, 2009 through [DATE OF PRELIMINARY APPROVAL], who experienced downward adjustments to their recorded time as a result of rounding of their timekeeping entries.

The Court finds that, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) which the Court need not address for purposes of settlement.

3. The Court appoints, for settlement purposes only, Jacqueline Plantillas, as the Class Representative.

4. The Court appoints, for settlement purposes only, Hernaldo J. Baltodano of Baltodano & Baltodano LLP and Paul K. Haines of Boren Osher & Luftman LLP as Class Counsel for settlement purposes.

5. The Court appoints CPT Group, Inc. as Claims Administrator.

6. The Court approves, as to form and content, the Class Notice and Request for Exclusion Form, attached to the Settlement as Exhibits 1 and 2,

respectively.  The Claims Administrator is ordered to mail those documents to the Class members as provided in the Settlement.

7. Each Class Member who does not timely submit a Request for Exclusion Form will have forty-five (45) days after the date on which the Claims Administrator mails the Class Notice to object to the Settlement by serving the Claims Administrator, Class Counsel, and Counsel for Defendants, and/or filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement.  Each Class Member who does wish to be excluded from the Class will have forty-five (45) days from the date the Class Notice is originally mailed to opt-out of the Class.

8. The Court will conduct a Final Approval Hearing on September 29, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, to determine the overall fairness of the Settlement and to fix the amount of reasonable attorneys' fees and costs to Class Counsel and enhancement payment to the Class Representative.  The Final Approval Hearing may be continued without further notice to Class Members.  Class Counsel shall file their motion for approval of the settlement, including approval of reasonable attorneys' fees, costs, and the Class Representative payment sought in the Settlement, on or before September 1, 2014.

9. If the proposed Settlement is granted final approval by the Court, Defendant shall be entitled to a release (as delineated in Paragraph 34 of the Settlement Agreement), by Plaintiff and all "Class Members," defined in Paragraph 2 of the Settlement Agreement as "All non-exempt employees of Snap-on, who worked in Defendants' City of Industry ("CDI") and San Jose facilities during the period from July 17, 2009 through the date of preliminary approval, who experienced downward adjustments to their recorded time as a result of rounding of their timekeeping entries."  Therefore, the release will apply only to claims held by employees of Snap-On who did work at either the CDI or San Jose facilities.  The release will not apply to employees from any other locations.  In

1  addition, the only FLSA claims asserted on behalf of the Settlement Class are co-
2  extensive with the California state law claims for unpaid wages, so each Settlement
3  Class member who does not exclude himself or herself from the Settlement will
4  properly receive consideration in exchange for their releases of FLSA claims.  No
5  employee will be required to release an FLSA claim without receiving
6  compensation for the FLSA claim.

7       10.   Proposed Class Counsel will also file a separate motion for approval
8  of reasonable attorneys' fees not to exceed $121,666.67 (equal to 33 and 1/3% of
9  the gross Settlement) for all past and future attorneys' fees necessary to prosecute,
10 settle and administer the litigation and this proposed settlement.  Plaintiff's Motion
11 for Preliminary Approval inadvertently stated on Page 18 that proposed Class
12 Counsel would be requesting up to $210,833.33, which was an unintended
13 typographical error.

14      IT IS SO ORDERED.

16 Dated: May 15, 2014

17                               The Honorable Dean D. Pregerson
                                 United States District Judge

4

AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT