1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Tel: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiff, the Class
And Aggrieved Employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE PLANTILLAS, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SNAP-ON INCORPORATED, a Delaware Corporation; SNAP-ON LOGISTICS COMPANY, form of entity unknown; SNAP-ON SPECIALTY TOOLS, form of entity unknown; and DOES 1 through 10,<br><br>        Defendants. | CASE No. CV13-05153 DDP (VBKx)<br><br>**NOTICE OF MOTION AND MOTION FOR CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE PAYMENT**<br><br>Judge:  Hon. Dean D. Pregerson<br>Date:    September 29, 2014<br>Time:   10:00 a.m.<br>Dept.:  3 |

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

NOTICE IS HEREBY GIVEN that on Monday, September 29, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Central District of California, located at located at 312 N. Spring Street, Los Angeles, California 90012-4701, before the Honorable Dean D. Pregerson, Class Counsel, Hernaldo J. Baltodano and Paul K. Haines, and Class Representative Jacqueline Plantillas ("Plaintiff") will and do hereby move this Court for an order awarding attorneys' fees and costs, and class representative incentive payment against Snap-on Incorporated, and Snap-on Logistics (collectively "Snap-on" or "Defendants").

Pursuant to the proposed class action settlement agreement, Class Counsel seek an award of attorneys' fees of $121,666.67 or 33% of the Maximum Settlement Amount, an award of $10,436.20 for reimbursement of costs, and an incentive payment of $7,500 to Plaintiff for compensation for her role in bringing and prosecuting this action and assisting Class Counsel.  Defendants do not oppose the requests for attorneys' fees and costs, and Plaintiff's incentive payment.

This Motion is based upon the supporting Memorandum of Points and Authorities, the supporting Declarations of Hernaldo J. Baltodano, Paul K. Haines, Ani Shirinian, and Jacqueline Plantillas and exhibits attached thereto, and the pleadings, records, and files in this action.

Dated:  August 29, 2014

Respectfully submitted,

BALTODANO & BALTODANO LLP

By: _____

Hernaldo J. Baltodano, Esq.
Attorneys for Plaintiff, the Class and
Aggrieved Employees

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

# TABLE OF CONTENTS

I.   INTRODUCTION.................................................................1

II.  RELEVANT PROCEDURAL HISTORY AND SUMMARY OF
     SETTLEMENT CLAIMS.....................................................2

     A.  Brief Procedural History.............................................2

     B.  This Class Action Settlement Results in Significant Monetary Settlement
         Payments Given the Litigation Risks Involved...........................3

III. THE COURT SHOULD APPROVE THE FEE AWARD...................3

     A.  The Attorney Fee Award Is Warranted Under California Law..............6

     B.  The Requested 33% Attorney Fee Award is Justified.......................7

         1.  Class Counsel Obtained a Substantial Recovery for the Class.........7

         2.  Class Counsel's Efforts Support the Requested Fee Award...........10

         3.  Class Counsel's Experience and Skill Also Support the Fee Award..10

         4.  The Complexity of the Issues Also Support the Fee Award...........11

         5.  The Risk of Non-Payment Existed at All Times......................12

         6.  The Reaction of the Settlement Class is Positive.....................13

         7.  Class Counsel's Lodestar Supports the Fee Award..................14

             a.  The Hours Expended on this Litigation are Reasonable............14

             b.  The Requested Hourly Rates are Reasonable.......................17

IV.  PLAINTIFF'S LITIGATION EXPENSES ARE
     RECOVERABLE............................................................13

V.   THE INCENTIVE PAYMENT SHOULD BE
     APPROVED...............................................................13

VI.  CONCLUSION.............................................................15

i

# TABLE OF CONTENTS

## CASES

*21st Century Ins. Co. v. Superior Court*, 47 Cal.4th 511 (2009) ..............................5

*Adoma v. The University of Phoenix, Inc.*, 913 F. Supp. 2d 964

    (E.D. Cal. 2012)...................................................................5, 12

*Aleman v. AirTouch Cellular*, 209 Cal.App.4th 556 (2012) ..................................4

*Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314 (2005) ...........................................9

*Ashker v. Sayre*, Case No. 05–03759 CW, 2011 WL 825713

    (N.D. Cal. March 7, 2011)...........................................................20

*Baggett v. Gates*, 32 Cal.3d 128 (1982)......................................................5

*Barbosa v. Cargill Meat Solutions Corp.*, Case No. 1:11-cv-00275-SKD, 2013

    WL 3340939 (E.D. Cal. July 2, 2013)...............................8, 12, 15

*Barcia v. Contain-A-Way, Inc.*, Case No. 07cv938-IEG-JMA, 2009

    (S.D. Cal. Mar. 6, 2009) ............................................................13

*Blum v. Stenson*, 465 U.S. 886 (1984) .......................................................18

*Bond v. Ferguson Enterprises, Inc.*, Case No. 1:09-cv-1662 OWW MJS, 2011

    WL 2648879 (E.D. Cal. June 30, 2011).................................................19

*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012)..........15, 21

*Buchanan v. Homeservices Lending, LLC*, Case No. 11cv0922 L (MDD), 2013

    WL 1788579 (S.D. Cal. April 25, 2013) ..............................................8

*Casique v. ValleyCrest Landscape Development, Inc.*, Case No. CV09-9114 GHK

    (SSx) (C.D. Cal. November 2, 2011)....................................................8

*Castro v. UPS Ground Freight, Inc.*, Case No. CV 08-4898 ODW (CWx)

    (C.D. Cal. September 10, 2009) .......................................................19

*Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986) .........................17

*Charlebois v. Angels Baseball LP*, Case No. SACV 10-0853 DOC (ANx), 2012

    WL 2449849 (C.D. Cal. May 30, 2012)...............................................19

*Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43 (2008) .................................................6

ii

1   *Cicero v. DirecTV, Inc.*, Case No. EDCV 07-1182, 2010 WL 2991486
2     (C.D. Cal. July 27, 2010)..................................................................6
3   *City of Detroit v. Grinnel Corp.*, 495 F.2d 448 (2nd Cir. 1974)....................15
4   *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013)......................... 7, 11, 16
5   *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113 (C.D. Cal. 2008)......6,7
6   *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1 (2007) ..........5
7   *Fernandez v. Victoria Secret Stores, LLC*, Case No. CV 06-04149 MMM (SHx),
8     2008 (C.D. Cal. July 21, 2008).................................................11, 15
9   *Forrand v. Fed. Express Corp.*, Case No. CV 08-1360 DSF (PJWx), 2013
10     WL 1793951 (C.D. Cal. April 25, 2013) ...........................................7
11  *Gentry v. Superior Court*, 42 Cal.4th 443 (2007)...................................21
12  *Goldkorn v. County of San Bernardino*, Case No. EDCV 06-707-VAP (OPx),
13     2012 WL 476279 (C.D. Cal. February 13, 2012).....................................14
14  *Gonzalez v. USF Reddaway, Inc.*, Case No. 5:10-CV-01514-AHM-OP
15     (C.D. Cal. April 30, 2012).......................................................19
16  *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004)............................12
17  *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) .................................20
18  *Hensley v. Eckerhart*, 461 U.S. 424 (1983).............................14, 15, 16
19  *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935
20     (9th Cir. 2011) ..................................................................5
21  *In re Immune Response Securities Litigation*, 497 F. Supp. 2d 1166
22     (S.D. Cal. 2007)................................................................20
23  *In re Mediation Vision Tech. Sec. Litigation*, 913 F. Supp. 1362
24     (N.D. Cal. 1996)................................................................20
25  *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985) .........................16
26  *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011) ..............................17
27  *Jaime v. Standard Parking Corp.*, Case No. CV08-04407 AHM (Rzx)
28     (C.D. Cal. June 22, 2011)........................................................8

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

*Jordan v. Multnomah County*, 815 F.2d 1258 (9th Cir. 1987)....................7, 14

*Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011)......21

*Ketchum v. Moses*, 24 Cal.4th 1122 (2001) ...........................................12

*Knight v. Red Door Salons, Inc.*, Case No. 08-01520 SC, 2009 WL 248367
    (N.D. Cal. Feb. 2, 2009) ..............................................................6

*Leyva v. Medline Industries, Inc.* 716 F.3d 510 (9th Cir. 2013)...............10, 11

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001)......................................................10

*McPhail v. First Command Fin. Planning, Inc.*, Case No. 05cv179-IEG-JMA,
    2009 WL 839841 (S.D. Cal. March 30, 2009) ....................................13

*Moore v. Jas H. Matthews & Co.*, 682 F.2d 830 (9th Cir. 1982)...........................15

*Mora v. Bimbo Bakeries USA, Inc.*, Case No. CV 10-3748 JAK (RZx)
    (C.D. Cal. April 16, 2012)............................................................8

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ...........................17

*Murillo v. Pacific Gas & Elec. Co.*, Case No. CIV 2:08-1974 WBS GGH, 2010
    WL 2889728 (E.D. Cal. July 21, 2010)............................................12

*Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470 (9th Cir. 1992).............7

*Parkinson v. Hyundai Motor Am.*, 796 F.Supp.2d 1160 (C.D. Cal. 2010)............18

*Parks v. Eastwood Ins. Servs., Inc.*, Case No. SA CV 02-507-GLT (MLGx), 2005
    WL 6007833 (C.D. Cal. June 28, 2005)..............................................4

*Plows v. Rockwell Collins, Inc.*, Case No. SACV 10-1936 DOC (MANx)
    (C.D. Cal. August 6, 2012).........................................................19

*Powers v. Eichen*, 229 F.3d 1249 (9th Cir. 2000).......................................6

*Press v. Lucky Stores*, 34 Cal.3d 311 (1983) ..........................................4

*Pressler v. Donald L. Bren Co.* 32 Cal.3d 831 (1982)...................................9

*Rodriguez v. D.M. Camp & Sons*, Case No. 1:09-cv-00700-AWI-JLT, 2013
    WL 2146927 (E.D. Cal. May 15, 2013)............................................14

*Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012)......................................4

iv

1  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ..................... 21
2  *Schiller v. David's Bridal, Inc.*, Case No. 1:10-cv-00616-AWI-SKO, 2012
3    WL 2117001 (E.D. Cal. June 11, 2012) .................................................. 9, 22
4  *Schwarz v. Sec'y of Health & Human Services*, 73 F.3d 895 (9th Cir. 1995) ....... 17
5  *Serrano v. Priest*, 20 Cal.3d 25 (1977) ...................................................... 14
6  *Singer v. Becton Dickinson and Co.*, Case No. 08-CV-821-IEG (BLM)
7    (S.D. Cal. December 9, 2009) ............................................................... 22
8  *Sorenson v. PetSmart, Inc.,* Case No. 2:06-CV-02674-JAM-DAD
9    (E.D. Cal. December 17, 2008) ............................................................... 8
10 *Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003) ...................................... 7
11 *Thieriot v. Celtic Ins. Co.*, Case No. C 10-04462 (LB), 2011 WL 1522385
12    (N.D. Cal. April 21, 2011) .................................................................. 13, 22
13 *Trustees of Const. Indust. & Laborers Health & Welfare Trust v. Redland Ins.*
14    *Co.*, 460 F.3d 1253 (9th Cir. 2006) ...................................................... 20
15 *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ....................... 6, 7
16 *Williams v. Centerplate, Inc.*, Case Nos. 11-CV-2159 H-KSC, 12-CV-0008-H-
17    KSC, 2013 WL 4525428 (S.D. Cal. August 26, 2013) ............................... 9
18 *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009) ......... 4
19 *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169 (6th Cir. 1990) ......... 17

**STATUTES**

California Labor Code Section 90.5(a) ...................................................... 5
California Labor Code Section 1194 ........................................................ 4
California Labor Code Section 221 .......................................................... 8
California Labor Code Section 2802 ......................................................... 8
Code of Civil Procedure Section 1021.5 ................................................ 4, 5
Federal Labor Standards Act Section 216(b). ............................................ 4

v

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

1

**RULES**

2    Federal Rule of Civil Procedure Section 23(h)...................................3, 4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

On May 15, 2014, this Court granted preliminary approval of this proposed class action settlement.  Now before the Court is Plaintiff and Class Counsel's motion for an award of attorneys' fees, costs, and incentive payments.  Pursuant to the proposed class action settlement agreement, Class Counsel seeks an award of attorneys' fees of 33% of the Maximum Settlement Amount ("MSA") or $121,666.67, and reimbursement for verified costs of $10,436.20.   Plaintiff also requests that the Court approve her request for an incentive payment based on her efforts in bringing this action and assisting Class Counsel, her general release of claims, and the financial and reputational risk she assumed to vindicate her rights and those of her fellow settlement class members.  Defendants do not oppose this motion, and not a single class member filed an objection to the requested fees, costs, and incentive payment.

Class Counsel respectfully requests that the Court approve the request for $121,666.67 in attorneys' fees.  Although the request exceeds the 25% benchmark, the following evidence justifies an upward departure:  (1) the substantial recovery obtained for the settlement class in the face of hotly disputed claims, including forcing Defendants to abandon their alleged unlawful rounding practices at the two California locations at issue; (2) Class counsel's efforts in diligently pressing the class claims; (3) Class counsel's skill and considerable wage and hour class action experience; (4) the complexity of the issues regarding the claims for unpaid wages; (5) the significant risk of non-payment due to Class Counsel taking this matter on a purely contingent basis; (6) not a single class member objected to the requested fees and costs; and (7) Class Counsel's lodestar mirrors the requested fee award.

1

## II.     RELEVANT PROCEDURAL HISTORY AND SUMMARY OF SETTLEMENT TERMS.

### A.     Brief Procedural History.

Plaintiff filed her complaint on July 17, 2013 in the United States District Court for the Central District of California. *See* DE No. 1.  On September 11, 2013, Defendants filed and served their Answer to Plaintiff's Complaint. *See* DE No. 8.  On October 9, 2013, the parties participated in the Rule 26(f) conference of counsel, where counsel for the parties discussed the claims and defenses at issue as well as the possibility of attending mediation.  *See* DE No. 12; Declaration of Hernaldo J. Baltodano ("Baltodano Decl."), ¶ 12.  On the following day, Plaintiff served each named Defendant with two sets of special interrogatories and one set of requests for production of documents. *Id*.  The parties later reached an agreement to attend private mediation. *Id.*  Although the parties agreed to a stay of further formal discovery, in advance of mediation, Defendants produced over 540 pages of policies, personnel files, and a sampling of wage statements along with electronic timekeeping data for the entire Settlement Class. *Id.*

After extensively reviewing the data produced by Defendants and retaining a statistical economist to analyze electronic payroll and timekeeping data for the entire putative class, in February 2014 the parties participated in mediation with Jeffrey Krivis, an experienced wage and hour class action mediator. Baltodano Decl., ¶ 13.  Prior to the mediation, Plaintiff conducted a comprehensive analysis of the data, and determined the total number of current and former employees in the putative class, the average rate of pay, and the total number of hours lost due to Snap-on's alleged one-way time-shaving policy. *Id.*  Plaintiff was also able to determine how Snap-on calculated bonuses and overtime rates of pay. *Id.*

The mediation ultimately resulted in a resolution with respect to all California class members only and executed a binding memorandum of

2

understanding. *Id.* The parties did not reach a settlement with respect to the nationwide FLSA class, and therefore did not move to certify a nationwide FLSA opt-in class for settlement. *Id.* On February 10, 2014, the parties advised the Court that they had reached a resolution, and on May 15, 2014, this Court granted preliminary approval. *See* DE Nos. 17 & 23.

**B.**   **This Class Action Settlement Results in Significant Monetary Settlement Payments Given the Litigation Risks Involved.**

Defendants have agreed to pay a MSA of $365,000 to the settlement class. After deducting amounts for court-approved Plaintiff's incentive payments, costs of settlement administration, attorneys' fees and costs, and the PAGA payment to the CLWDA, the settlement requires Defendants to pay a Net Settlement Amount ("NSA") of up to $210,833.33 to all members of the Settlement Class. Members of the Settlement Class do not need to submit claim forms in order to reap the financial rewards of this proposed settlement.

Each settlement class member's projected recovery is based on the number of her/his workweeks worked during the putative class period. Because only twelve out of two-hundred and three-three Settlement Class members elected to opt-out of the settlement, the average settlement payment is estimated at $902.72 and the highest payment is valued at $1,504.07, which is substantial given the litigation risks involved. These settlement payments are on par and exceed settlement payments in other judicially-approved wage and hour class settlements. *See* Section III.B.1, *infra*.

**III.**   **THE COURT SHOULD APPROVE THE FEE AWARD.**

**A.**   **The Attorney Fee Award Is Warranted Under California Law.**

Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and non taxable costs that

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

1    are authorized by law or by the parties' agreement." *See* Fed. R. Civ. Proc. 23(h).

2    Because Plaintiffs pled California Labor Code claims, the Ninth Circuit applies

3    state law to determine the right to fees and the method for calculating fees. *See*

4    *Rodriguez v. Disner*, 688 F.3d 645, 653 fn. 6 (9th Cir. 2012) ("If...we were

5    exercising our diversity jurisdiction, state law would control whether an attorney

6    is entitled to fees and the method of calculating such fees"); *Winterrowd v. Am.*

7    *Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) ("State law [also]

8    establishes the required showing for attorney's fees in an action in diversity").

9        Here, Plaintiff seeks reasonable attorneys' fees and costs pursuant to several

10   Labor Code statutes, including Labor Code Sections 1194, Section 216(b) of the

11   FLSA, and Code of Civil Procedure Section 1021.5.  *See* Complaint at ¶¶32, 39,

12   and 45 and Prayer for Relief No. 11.   Labor Code Section 1194 is a one-way fee

13   shifting statute and Code of Civil Procedure Section 1021.5 is a private attorney

14   general statute. *See, e.g., Aleman v. AirTouch Cellular*, 209 Cal.App.4th 556, 582

15   (2012) ("A prevailing defendant cannot recover fees in an action under section

16   1194"); *Parks v. Eastwood Ins. Servs., Inc.*, Case No. SA CV 02-507-GLT

17   (MLGx), 2005 WL 6007833 at *2-3 (C.D. Cal. June 28, 2005) (in hybrid FLSA-

18   California state law action, plaintiff's counsel was entitled to attorney's fees under

19   California Code of Civil Procedure Section 1021.5); *Press v. Lucky Stores*, 34

20   Cal.3d 311, 317-318 (1983) ("The award of attorney fees is proper under [CCP]

21   section 1021.5 if (1) plaintiffs' action has resulted in the enforcement of an

22   important right affecting the public interest, (2) a significant benefit, whether

23   pecuniary or nonpecuniary, has been conferred on the general public or a large

24

25

26

27

28

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

class of persons and (3) the necessity and financial burden of private enforcement are such as to make the award appropriate.") [internal quotations omitted].[1]

Under California law, "[w]hen a number of persons are entitled in common to a specific fund, and an action brought by a plaintiff . . . for the benefit of all results in the creation  . . . of that fund, such plaintiff  . . . may be awarded attorney's fees out of the fund." *See 21st Century Ins. Co. v. Superior Court*, 47 Cal.4th 511, 520 (2009).  In awarding attorneys' fees from a common fund, courts have discretion to employ either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011); *see also Adoma v. The University of Phoenix, Inc.*, 913 F. Supp. 2d 964, 981-982 (E.D. Cal. 2012) (applying percentage of recovery method in wage and hour action alleging violations of Labor Code and FLSA). Moreover, courts utilizing the percentage-of-the fund approach can use a lodestar as a "cross-check" on the reasonableness of the requested percentage award. *See*

---

[1] These factors are met here.  First, the "substantial recovery" of unpaid wages furthers "the enforcement of an important right affecting the public interest" with respect to minimum labor standards concerning the payment of unpaid wages. *See, e.g.*, Cal. Labor Code § 90.5(a) ("It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.").  Second, the relief obtained through the settlement confers a "significant benefit" on a "large class of persons." *See, e.g., Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1, 16-17 (2007) (in class action brought under California Labor Code, court held that attorney fee award was warranted because "Estrada's personal motivation does not diminish the fact that he pursued this public interest class action not only for himself but on behalf of a class comprised of FedEx's past and present drivers and ultimately obtained awards for 209 drivers. [citations ommitted]  No more is required to satisfy the 'significant benefit,' 'public interest,' and 'large class of persons' requirements of [Code of Civil Procedure] section 1021.5.").  Third, and as explained in detail in Section III.B.7, *infra*, Class Counsel's lodestar establishes that "the necessity and financial burden of private enforcement are such as to make the award appropriate" because the financial burden this suit placed on Plaintiffs was out of proportion to their personal stake in the case. *See Baggett v. Gates*, 32 Cal.3d 128, 144 (1982).

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-51 (9th Cir. 2002), *but see Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1122 (C.D. Cal. 2008) ("A lodestar cross-check is not required in this circuit, and in some cases is not a useful reference point.").

In the Ninth Circuit, the typical range of reasonable attorney's fees is 20 to 33.3 percent of the total settlement value, with 25% considered a benchmark percentage. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Cicero v. DirecTV, Inc.*, Case No. EDCV 07-1182, 2010 WL 2991486 at *6 (C.D. Cal. July 27, 2010) [and cases cited therein]. The percentage applied in a particular case, however, depends on the facts of each case and "in most common fund cases, the award exceeds that benchmark" percentage. *See Knight v. Red Door Salons, Inc.*, Case No. 08-01520 SC, 2009 WL 248367 at *3 (N.D. Cal. Feb. 2, 2009); *see also Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 fn. 11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery") [internal citation omitted]. Notably, "courts usually award attorneys' fees in the 30-40% range in wage and hour class actions that result in recovery of a common fun under $10 million." *See Cicero, supra*, 2010 WL 2991486 at *6.

Here, Class Counsel seek an award of 33% of the common fund based on (1) the substantial recovery obtained for the settlement class in the face of hotly disputed claims; (2) Class counsel's efforts in diligently pressing the class claims forward; (3) Class counsel's skill and considerable wage and hour class action experience; (4) the complexity of the issues regarding the claims for unpaid wages; (5) the significant risk of non-payment due to Class Counsel taking this matter on a purely contingent basis; (6) the fact that not a single class member objected to the requested attorneys' fees and costs; and (7) because Class

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

1   Counsel's lodestar mirrors the requested fee award. *See Craft, supra,* 624

2   F.Supp.2d at 1116-17 (C.D. Cal. 2008); *see also Vizcaino, supra,* 290 F.3d at

3   1048-1050 (in assessing whether percentage requested is fair and reasonable,

4   courts generally consider the results achieved, the risk of litigation, the skill

5   required, the quality of work performed, the contingent nature of the fee and the

6   financial burden, and the awards made in similar cases); *Jordan v. Multnomah*

7   *County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (internal citations omitted) ("Indeed,

8   "[a] strong presumption exists that the lodestar figure represents a reasonable

9   fee."); *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1472 (9th Cir.

10  1992) (attorneys' fees calculated by the lodestar method are "presumptively

11  reasonable").

12  
13          **B.      The Requested 33% Attorney Fee Award is Justified.**

14          **1.   Class Counsel Obtained a Substantial Recovery for the Class.**

15          Plaintiff obtained a substantial recovery for the settlement class in the face

16  of hotly disputed claims.  Indeed, Defendants raised numerous affirmative

17  defenses and planned to vigorously oppose any contested motion for class

18  certification on the grounds that individual questions of fact would still

19  predominate over their alleged unlawful rounding practices. *See, e.g., Forrand v.*

20  *Fed. Express Corp.*, Case No. CV 08-1360 DSF (PJWx), 2013 WL 1793951 at *5

21  (C.D. Cal. April 25, 2013) (denying certification of alleged unlawful rounding

22  claim, stating, "After conducting "a rigorous analysis" to determine whether class

23  treatment is appropriate, in light of *Comcast,* the Court finds that Green has failed

24  to demonstrate that class treatment under Rule 23(b)(3) is appropriate for her

25  proposed unpaid on-the-clock-class.").  Additionally, in the wake of the Supreme

26  Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013),

27  Defendants argued that Plaintiffs could not certify any claims because proof of

28  

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

damages was too individualized. *See, e.g., Buchanan v. Homeservices Lending, LLC*, Case No. 11cv0922 L(MDD), 2013 WL 1788579 at *6 (S.D. Cal. April 25, 2013) (relying on *Comcast* and denying certification of Labor Code §§ 221 and 2802 claims).

Despite these obstacles, Plaintiff secured a significant recovery for the settlement class. As detailed in Plaintiff's concurrently-filed Motion for Final Approval, this settlement compensates the class for their underpaid minimum and overtime wages, and provides additional, tangible compensation for hotly disputed penalty claims. Indeed, the average settlement payment for members of the settlement class is $902.72, which is on par and also exceeds average settlement payments in similar wage and hour class action settlements. *See, e.g., Casique v. ValleyCrest Landscape Development, Inc.*, Case No. CV09-9114 GHK (SSx) (C.D. Cal. November 2, 2011) (granting final approval of proposed class action settlement where average recovery to Settlement Class members was estimated at $345); *Jaime v. Standard Parking Corp.*, Case No. CV08-04407 AHM (Rzx) (C.D. Cal. June 22, 2011) (granting final approval of class action settlement based on average settlement class member recovery of $462.22); *Mora v. Bimbo Bakeries USA, Inc.*, Case No. CV 10-3748 JAK (RZx) (C.D. Cal. April 16, 2012) (granting final approval of settlement where average Settlement Class member recovery was $561.58); *Sorenson v. PetSmart, Inc.,* Case No. 2:06-CV-02674-JAM-DAD (E.D. Cal. December 17, 2008) (wage and hour class action settlement approved where average class member recovery was approximately $60)*; Barbosa v. Cargill Meat Solutions Corp.*, Case No. 1:11-cv-00275-SKD, 2013 WL 3340939 at *11-13 (E.D. Cal. July 2, 2013) (wage and hour class action settlement of $1,290,000 for 1,837 hourly employees yielded maximum settlement payment of $922.29 and average settlement payment of $601.91); *Schiller v.*

8

1   *David's Bridal, Inc.*, Case No. 1:10-cv-00616-AWI-SKO, 2012 WL 2117001 at

2   *17 (E.D. Cal. June 11, 2012) ("Plaintiff notes that Class Members will receive an

3   average of approximately $198.70, with the highest payment to a Class Member

4   being $695.78. Plaintiff contends that this is a substantial recovery where

5   Defendant asserted compelling defenses to liability; Plaintiff also notes several

6   similar actions where the gross recoveries per class member were less than $90 . .

7   . Overall, the Court finds that the results achieved are good"); *Williams v.*

8   *Centerplate, Inc.*, Case Nos. 11-CV-2159 H-KSC, 12-CV-0008-H-KSC, 2013 WL

9   4525428 at *4 (S.D. Cal. August 26, 2013) (granting final approval of class action

10   settlement where average recovery for each class member was approximately

11   $108).

12          Moreover, this lawsuit led to Defendants abandoning their alleged unlawful

13   rounding practices at the CDI and San Jose facilities. *See* Docket Entry No. 22.

14   In light of the substantial recovery and injunctive relief obtained for future

15   employees, Class Counsel has performed a valuable public service because

16   "[p]ublic policy has long favored the full and prompt payment of wages due an

17   employee… [w]ages are not ordinary debts….[B]ecause of the economic position

18   of the average worker and, in particular, his dependence on wages for the

19   necessities of life for himself and his family, it is essential to the public welfare

20   that he receive his pay promptly." *See Pressler v. Donald L. Bren Co.*, 32 Cal.3d

21   831, 837 (1982) (internal citations and quotations omitted). "California's labor

22   statutes reflect a strong public policy in favor of full payment of wages for all

23   hours worked." *See Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 324 (2005).

24   And given the relatively small individual amounts at issue, this settlement furthers

25   public policy by using the class action procedure to provide redress to those

26   individuals who would otherwise not be able to access the judicial system to

27

28

9

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

recover their unpaid wages.  As the Ninth Circuit recently stated in *Leyva v. Medline Industries, Inc.*, "In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims." 716 F.3d 510, 515 (9th Cir. 2013); *see also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) ("If plaintiffs cannot proceed as a class, some—perhaps most—will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover.").

### 2. Class Counsel's Efforts Support the Requested Fee Award.

As detailed above in Section II.A, *supra*, Class Counsel diligently litigated this case from the outset.   Class Counsel submits that their efforts led to a substantial recovery for the settlement class, particularly in this complex action involving hotly disputed claims, by positioning the case towards an early class-wide resolution.   For instance, immediately after the Rule 26(f) conference of counsel, Plaintiff served each named Defendant with written discovery and subsequently met and conferred with Defendants regarding the scope of data needed for a class-wide mediation, and negotiated for an informal production of extensive class-wide data, allowing Plaintiff to analyze the electronic payroll and timekeeping data for the ***entire*** Settlement Class before mediation.  Plaintiff was therefore able to create damage models to accurately estimate the amount of unpaid minimum and overtime wages, and penalties for wage statement and late payment violations, and civil penalties under PAGA.

### 3. Class Counsel's Experience and Skill Also Support the Fee Award.

Class Counsel possess significant wage and hour class action experience. *See* Section III.7.B.b, *infra*; *see also* DE No. 20 at 13:15-14:3, 20:5-11.

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

Collectively, Class Counsel bring two decades of plaintiff and defense-side wage and hour class action experience pertaining to claims alleging overtime, meal and rest period, and related wage statement and final payment violations. Baltodano Decl., ¶¶ 2-9; Declaration of Paul K. Haines ("Haines Decl."), ¶¶ 2-8. They have been certified as class counsel in numerous other cases. Baltodano Decl., ¶ 8; Haines Decl., ¶¶ 6-7. Moreover, Class Counsel are respected by their colleagues, as evidenced by Mr. Baltodano's recognition as a Super Lawyer in the area of employment litigation among Southern California attorneys. Baltodano Decl., ¶¶ 3 & 11. "All class counsel are qualified, experienced, and skilled attorneys, who prosecuted this action effectively. As a consequence, this factor weighs in favor of a generous fee award." *See Fernandez v. Victoria Secret Stores, LLC*, Case No. CV 06-04149 MMM (SHx), 2008 WL 8150856 at *12 (C.D. Cal. July 21, 2008).

### 4. <u>The Complexity of the Issues Also Support the Fee Award.</u>

This litigation involved complex and unsettled issues pertaining to liability regarding Defendants' rounding minimum and overtime obligations under California law and the FLSA, as well as complex issues regarding the use of representative evidence, the imposition of penalties, and proving class-wide liability under *Brinker* and *Comcast*. Among other things, Defendants asserted that the primary claim for alleged unlawful rounding was ill-suited for certification because of the predominance of individual liability and damage issues. Had Defendants prevailed on any motion for class certification or motion for decertification, it was unlikely that members of the settlement class would have individually pursued their claims. *See, Leyva, supra*, 716 F.3d at 515 ("In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims.").

11

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

Because of the complexity of the issues in this case, Plaintiff submits that the requested fee award is appropriate. *See, e.g., Murillo v. Pacific Gas & Elec. Co.*, Case No. CIV 2:08-1974 WBS GGH, 2010 WL 2889728 at *12 (E.D. Cal. July 21, 2010) (awarding multiplier of 1.5 because "This case contained multiple novel legal issues, including whether a payment of cash in lieu of health benefits needs to be included in the calculation of overtime under the FLSA"); *Adoma, supra*, 913 F. Supp. 2d at 983 ("It is important that labor and employment attorneys be rewarded for pursuing novel claims (so long as they are meritorious) and for litigating these claims with tenacity, rather than cherry-picking simple cases or settling difficult cases for small amounts").

## 5. **The Risk of Non-Payment Existed At All Times.**

"A contingent fee must be higher than a fee for the same legal services paid as they are performed.  The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services." *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 580 (2004).  Here, Class Counsel took this matter on a purely contingent basis and have litigated this case for over a year on a purely contingent basis. Baltodano Decl., ¶ 24; Haines Decl., ¶ 15. Not only have Class Counsel rendered their services without any compensation, they have advanced all costs.  *Id*.  Thus, because there was a real risk that they would not be compensated for their work, the requested fee award is appropriate. *See Barbosa, supra*, 2013 WL 3340939 at *16 ("Like this case, where recovery is uncertain, an award of one-third of the common fund as attorneys' fees has been found to be appropriate"); *Murillo, supra*, 2010 WL 2889728 at *12 ("Fee enhancements in contingency cases exists to compensate for the risk of loss inherent in such cases and create financial incentives for attorneys to take cases to protect important rights and goals, such as fair labor standards"); *Ketchum v. Moses*, 24 Cal.4th 1122, 1132-33 (2001) ("A lawyer who both bears the risk of

1   not being paid and provides legal services is not receiving the fair market value

2   of his work if he is only paid for the second of these functions.  If he is paid no

3   more, competent counsel will be reluctant to accept fee award cases.") [internal

4   citation omitted].

5   **6.       The Reaction of the Settlement Class Is Positive.**

6          Notice of this proposed settlement, including the amounts requested for

7   attorneys' fees, costs, and Plaintiff's incentive awards, was mailed to 233

8   settlement class members.  Not a single class member filed an objection to the

9   requested fee award. Baltodano Decl., ¶ 23; Declaration of Ani Shirinian

10  ("Shirinian Decl."), ¶ 16.  This factor also strongly supports the requested fee

11  award.  *See, e.g., Thieriot v. Celtic Ins. Co.*, Case No. C 10-04462 LB, 2011 WL

12  1522385 at *6 (N.D. Cal. April 21, 2011)  ("The fact that no members of the 390–

13  person class objected to the proposed 33% fee award—which was also

14  communicated in the notice—supports an increase in the benchmark rate.");

15  *McPhail v. First Command Fin. Planning, Inc.*, Case No. 05cv179-IEG-JMA,

16  2009 WL 839841 at *6 (S.D. Cal. March 30, 2009) ("The presence of a small

17  minority of objectors strongly supports a finding that the settlement is fair,

18  reasonable, and adequate.").

19         Moreover, because only 12 settlement class members excluded themselves,

20  approximately 95% of the members of the Settlement Class chose to participate in

21  the settlement, claiming nearly 95% of the Net Settlement Fund, a participation

22  rate which significantly exceeds those typically found in wage and hour class

23  action settlements requiring the submission of claim forms. *See, e.g., Barcia v.*

24  *Contain-A-Way, Inc.*, Case No. 07cv938-IEG-JMA, 2009 WL 587844 at *5 (S.D.

25  Cal. Mar. 6, 2009) (granting final approval of California class with 20% claims

26  rate); *Rodriguez v. D.M. Camp & Sons*, Case No. 1:09-cv-00700-AWI-JLT, 2013

27

28

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

1   WL 2146927 at *4 (E.D. Cal. May 15, 2013) (granting final approval of

2   California class with 15% claims rate); Shirinian Decl., ¶ 19.  This

3   overwhelmingly positive reaction to the proposed settlement therefore supports

4   final approval.

5   **7.  Class Counsel's Lodestar Supports the Fee Award.**

6           Although the Court is not required to conduct a lodestar cross-check, Class

7   Counsel's lodestar also supports the requested 33% fee award.  As detailed below,

8   because Class Counsel's lodestar is approximately $119,816.50, the 33%

9   requested fee award should be approved.  *See, e.g., Jordan, supra*, 815 F.2d 1258,

10  1262 (9th Cir. 1987) ("A strong presumption exists that the lodestar figure

11  represents a reasonable fee"); *Goldkorn v. County of San Bernardino*, Case No.

12  EDCV 06-707-VAP (OPx), 2012 WL 476279 at *10 (C.D. Cal. February 13,

13  2012) ("Here, Class counsel assert that the lodestar for their fees and costs

14  amounts to $826,117.20.  For purposes of final approval, the amount of

15  $690,000.00 in attorneys' fees and costs agreed to in the Settlement appears

16  reasonable in comparison to Plaintiffs' lodestar calculation.").

17  

18          **a.  The hours expended on this litigation are reasonable.**

19          To determine the reasonableness of Class Counsel's requested fee award,

20  the Court should determine "the number of hours reasonably expended on the

21  litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461

22  U.S. 424, 433 (1983).  Referred to as the "lodestar method," the California

23  Supreme Court in the seminal case of *Serrano v. Priest* described it as follows:

24              The starting point of every fee award, once it is recognized
                that the court's role in equity is to provide just compensation
25              for the attorney, must be a calculation of the attorney's
                services in terms of the time he has expended on the case.
26              Anchoring the analysis to this concept is the only way of
                approaching the problem that can claim objectivity, a claim
27

28

which is obviously vital to the prestige of the bar and the courts.[2]

According to the United States Supreme Court, the Court should include in any fee award all hours which were "reasonable expended." *See Hensley, supra,* 461 U.S. at 433. Concurrently filed herewith are sworn declarations from Class Counsel, Hernaldo J. Baltodano and Paul K. Haines, attesting to (1) the experience and qualifications of the attorneys and paralegals who worked on this case, (2) those attorneys and paralegals' customary billing rates during this case, and (3) the hours reasonably expended by those attorneys and paralegals in prosecuting this case. *See Fernandez, supra,* 2008 WL 8150856 at *9, fn. 35. Here, Class Counsel will have incurred at least 264.3 hours of attorney and paralegal time on this case through final approval, reflecting a lodestar of $119,816.50. *See* Baltodano Decl., ¶¶ 18-19; Haines Decl., ¶¶ 9-10. "Where the lodestar method is used as a cross-check to the percentage method, it can be performed with a less exhaustive cataloguing and review of counsel's hours." *Barbosa, supra,* 2013 WL 3340939 at *19. Although "the lodestar cross-check can be performed with a less exhaustive cataloguing and review of counsel's hours," *see Fernandez, supra,* 2008 WL 8150856 at *14, fn. 35, Class Counsel have nonetheless prepared attorney and paralegal time reports reflecting all hours spent to date working on this case and, if the Court deems it necessary, Class Counsel can make these reports available to the Court for an *in camera* review. Baltodano Decl., ¶ 19; Haines Decl., ¶ 10.

Class Counsel is entitled to be compensated for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *See Moore v. Jas H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982); *see also Hensley, supra,* 461

---

[2] *See Serrano v. Priest*, 20 Cal.3d 25, 48 n.23 (1977) (hereinafter "Serrano III"), citing *City of Detroit v. Grinnel Corp.*, 495 F.2d 448, 470 (2nd Cir. 1974).

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

U.S. at 431 (the appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all the time reasonably expended on the matter"). This includes the time spent preparing this motion for attorneys' fees. *See, e.g., In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable").

As set forth in Class Counsel's concurrently-filed declarations, Class Counsel performed the following tasks, all of which were reasonably necessary in litigating this case against Defendants: pre-filing fact investigation and legal research and analysis; interviewing the named plaintiff; performing on-going legal research and analysis regarding the certification of claims in light of *Dukes, Brinker,* and *Comcast*; analysing Plaintiff's payroll and records of hours worked; travelling to Los Angeles to attend mediation; discussing case strategy with the named plaintiff on numerous occasions, both in-person and via telephone; reviewing 540 pages of documents; reviewing and analysing class-wide electronic and payroll data produced by Defendants; preparing for mediation and attending mediation; negotiating and drafting the proposed class action settlement; preparing the motions for preliminary and final approval of class action settlement and related memoranda; monitoring the settlement administration process including, but not limited to, the review, analysis, and resolution of claim disputes and deficiencies; preparing this motion for attorneys' fees, costs, and incentive payment; and preparing for and attending the final approval hearing. *See* Baltodano Decl., ¶ 19; Haines Decl., ¶ 10.

The hours worked on this care are reasonable because Class Counsel believed the work to be "reasonably expended in pursuit of success at the point in time when the work was performed." *See Wooldridge v. Marlene Industries*

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

1  *Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990) ("The question is not whether a party

2  prevailed on a particular motion or whether in hindsight the time expenditure was

3  strictly necessary to obtain the relief achieved.  Rather, the standard is whether a

4  reasonable attorney would have believed the work to be reasonably expended in

5  pursuit of success at the point in time when the work was performed.").  Surely,

6  an opposite standard for determining "reasonableness" would put Class Counsel

7  counsel in the precarious position of constantly second-guessing litigation strategy

8  in a statutory fee case even though it would clearly be reasonable and in the best

9  interests of the client for counsel to pursue the same litigation strategy for a fee-

10  paying client. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th

11  Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency

12  fee cases in the hope of inflating their fees.  The payoff is too uncertain, as to both

13  the result and the amount of the fee . . . the court should defer to the winning

14  lawyer's professional judgment [regarding hours]; after all, he won, and might not

15  have, had he been more of a slacker.").

### b.  <u>The Requested Hourly Rates are Reasonable.</u>

17  To determine Class counsel's hourly rates, the Court should look to

18  prevailing rates in the community for similar work performed by attorneys of

19  comparable skill, experience, and reputation. *See Chalmers v. City of Los Angele*s,

20  796 F.2d 1205, 1210-1211 (9th Cir. 1986).   The Court can rely on its own

21  familiarity with the legal market in determining the prevailing rate for similar

22  work. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  The "relevant

23  community" is typically the community in which the district court sits. *See*

24  *Schwarz v. Sec'y of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995).

25  Here, Class Counsel's request for attorneys' fees using a lodestar cross-check is

26  based on the following hourly rates: $600 for 12-year attorney Hernaldo J.

27  Baltodano (Class of 2002), $500 for 8-year attorney Paul K. Haines (Class of

28

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT

2006), and $320 for 2-year attorney Fletcher W. Schmidt (Class of 2012).  Class Counsel also request a billable hourly rate of $175 for paralegal Mai Suzuki.

Class Counsel submit that these hourly rates are reasonable because they have previously been approved at these rates, because of their skill, wage and hour class action experience and reputation, fee awards to other attorneys of similar experience in the Central District of California, and the Laffey Matrix. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (lodestar should be based on using hourly rates that are "the prevailing market rates in the relevant community").  "Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *See Parkinson v. Hyundai Motor Am.*, 796 F.Supp.2d 1160, 1172 (C.D. Cal. 2010).

As detailed in Class Counsel's supporting declarations and the declarations submitted in support of Plaintiffs' motion for preliminary approval, Paul K. Haines has extensive wage and hour class action experience, having handled numerous wage and hour class actions at the national law firms of Littler Mendelson and Morgan Lewis & Bockius LLP. *See* Haines Decl., ¶¶ 2-8. Hernaldo J. Baltodano also has extensive wage and hour class action experience, having handled numerous wage and hour class actions at the national law firm of Robins Kaplan Miller & Ciresi LLP. *See* Baltodano Decl., ¶¶ 2-9.  Moreover, for nine years, Thomson Reuters and Los Angeles Magazine recognized Mr. Baltodano as a Top Young Attorney in Southern California in the annual Rising Star Edition of Super Lawyer. Baltodano Decl., ¶ 3.  This is an honor awarded to no more than two and a half percent of attorneys under the age of forty in Southern California each year. *Id.*  In 2014, Thompson Reuters and Los Angeles Magazine recognized Mr. Baltodano as a Southern California Super Lawyer in the practice of employment litigation. *Id.*  This is an honor awarded to no more than five percent of all attorneys in Southern California. *Id.*

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

Courts in this district have approved similar hourly rates for attorneys with similar experience as Class Counsel. *See, e.g., Gonzalez v. USF Reddaway, Inc.*, Case No. 5:10-CV-01514-AHM-OP (C.D. Cal. April 30, 2012) (approving hourly rate of $575 for an attorney with 10.8 years in practice in wage and hour class action settlement); *Castro v. UPS Ground Freight, Inc.*, Case No. CV 08-4898 ODW (CWx) (C.D. Cal. September 10, 2009) (approving hourly rate of $500 for 2003 law school graduate in wage and hour class action settlement for work performed in 2008); *Charlebois v. Angels Baseball LP*, Case No. SACV 10-0853 DOC (ANx), 2012 WL 2449849 at *5 (C.D. Cal. May 30, 2012) (in 2012, approving hourly rate of $450 for attorney with six years of experience for work performed in 2011); *Plows v. Rockwell Collins, Inc.*, Case No. SACV 10-1936 DOC (MANx) (C.D. Cal. August 6, 2012) (approving billable rate of $475 for 2004 law school graduate in wage and hour class action settlement for work performed in 2011).

Class Counsel's requested billable rates are also appropriate under the Laffey Matrix. "One more general way to examine the reasonableness of hourly rates is to compare them to the Laffey Matrix, a widely recognized compilation of attorney and paralegal rate data used in the District of California, frequently used in fee award cases." *Bond v. Ferguson Enterprises, Inc.*, Case No. 1:09-cv-1662 OWW MJS, 2011 WL 2648879 at *12 (E.D. Cal. June 30, 2011). The Laffey Matrix has been used in this district. *See, e.g., Fernandez, supra,* 2008 WL 8150856 at *14 ("Here, it is plaintiffs who propose that the *Laffey* matrix be used to approximate the lodestar. The court therefore accedes to their request."). In *Bond, supra,* the Court noted that an attorney with 8 to 10 years of experience as of 2011 commanded a billable rate of $522 according to the Laffey Matrix. *See* 2011 WL 2648879 at *12. According to the Laffey Matrix, for the period June 1, 2013, to May 31, 2014, the hourly rate is $175 for a paralegal, $320 for an attorney who is 1 to 3 years out of law school, $567 for an attorney who is 8 to 10

19

years out of law school, and $640 for an attorney who is 11 to 19 years out of law school. *See* Baltodano Decl., ¶ 22 and Exh. B attached thereto [Laffey Matrix].

For these reasons, Class Counsel respectfully request that the Court approve the requested hourly rates of $600 for Hernaldo J. Baltodano, $500 for Paul K. Haines, $320 for Fletcher W. Schmidt, and $175 for paralegal Mai Suzuki.

## IV.   <u>PLAINTIFF'S LITIGATION EXPENSES ARE RECOVERABLE.</u>

Class Counsel and Plaintiff also seek, and Defendants do not oppose, a request for $10,436.20 in out-of-pocket costs incurred in litigating this matter. Again, not a single class member filed an objection to this settlement, including Class Counsel's request for up to $12,500 for reimbursement of costs. Baltodano Decl., ¶ 23; Shirinian Decl., ¶ 16.  Class Counsel's collective out-of-pocket costs are $10,436.20, and include filing fees, messenger fees, legal research expenses, copying costs, mediation fees, postage, federal express charges, consultant expert fees, mileage, and travel expenses for court hearings and mediation. *See* Baltodano Decl., ¶ 20 and Exh. A attached thereto; Haines Decl., ¶ 11 and Exh. A attached thereto.  The litigation expenses by Class Counsel were reasonably incurred.[3]  Thus, the Court should grant the request for costs.

## V.   <u>THE INCENTIVE PAYMENT SHOULD BE APPROVED.</u>

---

[3] *See Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) (counsel should recover "those out-of-pocket expenses that would normally be charged to a fee paying client"); *see also Ashker v. Sayre,* Case No. 05–03759 CW, 2011 WL 825713 at * 3 (N.D. Cal. March 7, 2011) ("The costs of reproducing pleadings, motions and exhibits are typically billed by attorneys to their fee-paying clients" and are reimbursable); *Trustees of Const. Indust. & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1258-1259 (9th Cir. 2006) (legal research costs reimbursable); *In re Immune Response Securities Litigation,* 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (mediation expenses, consultant and expert fees, legal research, copies, postage, filing fees, messenger and federal express costs reimbursable); *Marhoefer, supra,* 24 F.3d at 19 (postage expenses reimbursable); *In re Mediation Vision Tech. Sec. Litigation,* 913 F. Supp. 1362, 1371 (N.D. Cal. 1996) ("A filing fee or serving fee is unquestionably a necessary expense of every litigation").

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE PAYMENT

1    Class Counsel, on behalf of Class Representative Plantillas, requests a

2    $7,500 incentive payment. Not a single class member filed an objection to this

3    request. Baltodano Decl., ¶ 23; Shirinian Decl., ¶ 16.  In *Gentry v. Superior*

4    *Court*, the California Supreme Court acknowledged that an employer's current

5    employees are unlikely to seek legal redress, stating, "retaliation against

6    employees for asserting statutory rights under the [California] Labor Code is

7    widespread," and, thus, "fear of retaliation for individual suits against an

8    employer is a justification for class certification in the area of employment

9    litigation." *See* 42 Cal.4th 443, 460 (2007); *see also Kasten v. Saint-Gobain*

10   *Performance Plastics Corp.*, 131 S. Ct. 1325, 1333 (2011) (recognizing that "fear

11   of economic retaliation" can force employees "quietly to accept substandard

12   conditions").   Indeed, "it is the intent of the Legislature in section 1194 that

13   minimum wage and overtime laws should be enforced in part of private action

14   brought by aggrieved employees." *See Gentry*, 42 Cal.4th at 455-56.

15       Here, Plaintiff filed this class action lawsuit to enforce California and the

16   FLSA's wage and hour laws through private enforcement. *See* Declaration of

17   Jacqueline Plantillas ("Plantillas Decl."), ¶ 3.   Plaintiff Plantillas assisted Class

18   Counsel in prosecuting this case, and her efforts included gathering documents

19   for use in this lawsuit, meeting with Class Counsel on numerous occasions,

20   strategizing with Class Counsel, and communicating with Class Counsel about

21   mediation. *See id* at ¶ 4.  Plaintiff Plantillas also bore the financial and

22   reputational risks associated with wage and hour class action litigation, and

23   executed a general release of claims. *Id.* at ¶ 3.  Consequently, the Court may

24   award an incentive payment to Plaintiff Plantillas "to compensate [the] class

25   representatives for work done on behalf of the class, to make up for financial or

26   reputational risk undertaken in bringing the action, and, sometimes, to recognize

27   their willingness to act as a private attorney general." *See Rodriguez v. West*

28   *Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009); *see also Schiller,*

21

1   *supra,* 2012 WL 2117001 at *23 (granting request for incentive payment based
2   on class representative's efforts in assisting class counsel, class representative's
3   general release of claim, and financial risk).

4        Moreover, the requested $7,500 incentive payment is not excessive; the
5   amount constitutes 2% of the $365,000 MSA. *See, e.g., Singer v. Becton*
6   *Dickinson and Co.*, Case No. 08-CV-821-IEG (BLM) (S.D. Cal. December 9,
7   2009) (approving incentive payment constituting 2.5% of gross settlement fund);
8   *Thieriot v. Celtic Ins. Co.*, Case No. C 10-04462 (LB), 2011 WL 1522385 (N.D.
9   Cal. April 21, 2011) (approving incentive payment constituting 1.8% of gross
10  settlement fund).  For these reasons, Class Counsel respectfully request that the
11  Court grant the requested $7,500 incentive payment for Plaintiff Plantillas.

12  **VI.    CONCLUSION.**

13       Class Counsel respectfully request that the Court grant the requests of
14  $121,666.67 for attorneys' fees, $10,436.20 for costs, and $7,500 enhancement
15  award to Class Representative Plantillas.

18  Dated:  August 29, 2014          Respectfully submitted,
                           BALTODANO & BALTODANO LLP

20                          By: _____
21                             Hernaldo J. Baltodano, Esq.
22                             Attorneys for Plaintiff, the Class and
                           Aggrieved Employees

NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES, COSTS, & INCENTIVE
PAYMENT